USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
VICTOR GONZALEZ,                          :
                                          :
                 Plaintiff,               :
                                          :    08 Civ. 1131
         - against -                      :
                                          :
LT. W. RUSSETT, SGT. D. MILLER, C.O.      :    MEMORANDUM and
M. MILLER, C.O. McCLENNING, C.O.          :       ORDER
J. ERWS, C.O. C MANCHUCK                  :
                                          :
                 Defendants.              :
------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff, who is incarcerated at Greenhaven Correctional Facility, brings this suit under 42 U.S.C. § 1983. On February 4, 2008, Chief Judge Kimba Wood issued an order dismissing plaintiff's claims that he had been removed from a prison job and verbally harassed by prison guards. However, Chief Judge Wood granted plaintiff leave to file an amended complaint to adequately plead his two remaining claims: (1) that corrections officers issued false misbehavior reports against plaintiff in retaliation for grievances he had filed and (2) that his 30-day keeplock confinement resulting from disciplinary hearing based on the misbehavior reports violated his procedural due process rights. Plaintiff filed the amended complaint on March 21, 2008. Having reviewed the amended complaint, we find that it

1

does not cure the defects in these two claims and the case must be dismissed.

I. **Retaliation**

The issue with respect to plaintiff's retaliation claim is whether it is time-barred by the three-year statute of limitations applicable to Section 1983 claims in New York. See Gleason v. McBride, 869 F.2d 688, 691 (2d Cir. 1989)(citing Owens v. Okure, 488 U.S. 235, 250 (1989)). The alleged retaliation took place on April 13, 2004 at the latest (when corrections officers issued the second of the allegedly false reports) but plaintiff's action was not commenced until on August 24, 2007,[1] over three years and four months later. Amended Compl. 2. While Chief Judge Wood noted that the claims therefore appeared time barred, under Second Circuit precedent, she granted plaintiff "leave to submit an amended complaint alleging sufficient facts to show why the statute of limitations should not bar his section 1983 claims, including any bases for equitable tolling." Order Granting Leave to Amend, February 4, 2008 at 6-7 (citing Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)). The amended complaint, however, does not contain allegations sufficient to surmount the bar of the applicable statute of limitations.

---

[1] This is the date on which it appears he gave it to prison officials. See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

2

Plaintiff makes two arguments with respect to equitable tolling. First, plaintiff alleges that a Sergeant Ullrich and the civilian employee in charge of the grievance system had deliberately separated and hidden various grievances, including some of his own, thereby "causing many issues to remain unresolved." Aff. of Victor Gonzalez attached to Amend. Compl. ¶ 5(i). Even if true, this allegation is unrelated to his retaliation claim and cannot trigger equitable tolling. If anything, the claim that some of his grievances were placed aside and "no one knew about" them detracts from his allegation that he was retaliated against for filing them. The fact remains that the statute of limitations applicable to plaintiff's retaliation claim runs from the date the misbehavior reports were filed against him and not the date he filed grievances.

Second, plaintiff asserts that a corrections officer in the Greenhaven law library failed to assist him with his separate Article 78 proceedings filed in New York state court. Again, this allegation is unrelated to the trigger date for his retaliation claim and therefore is unrelated to equitable tolling. Thus, based on the amended complaint, plaintiff's retaliation claim is barred by the three-year statute of limitations.

## II. Procedural Due Process

In order to establish a due process violation arising from a disciplinary hearing, plaintiff must at the outset demonstrate that he enjoyed a protected liberty interest that was impacted by the keeplock confinement. See Arce v. Walker, 139 F.3d 329, 333 (2d Cir. 1998). Chief Judge Wood allowed plaintiff to amend his complaint to add allegations "that there were additional egregious circumstances or that the conditions of his confinement differed markedly from those in the general population" so as to render his keeplock confinement incompatible with procedural due process. Order Granting Leave to Amend, February 4, 2008 at 4 (internal citations omitted); see Sandin v. Connor, 515 U.S. 472, 484 (1995). Plaintiff has not attempted to add such allegations and therefore, we dismiss his procedural due process claim.[2]

### CONCLUSION

For the reasons set forth above, the case is dismissed.

---

Plaintiff instead argues that the hearing officer refused to let him present his "third witness" at the disciplinary hearing. Aff. of Victor Gonzalez attached to Amend. Compl. 3. However, this new allegation is belied by the record, which indicates that the hearing officer heard all witnesses that plaintiff called at the hearing. See id. Ex. 3(a).

4

Dated:   New York, New York
         July 30, 2008

                            NAOMI REICE BUCHWALD
                            UNITED STATES DISTRICT JUDGE


    Copies of the foregoing Order have been mailed on this date to the following:

Attorney for Plaintiff
Victor Gonzalez
82 A 1196
Green Haven Correctional Corr.
P.O. Box 4000
Stormville, NY 12582-0010

Attorney for Defendant
Office of the Attorney General
State of New York
120 Broadway
New York, NY 10271